(95 South. 263)

No. 25706.

### STATE ex rel. REYNOLDS v. JUDGE OF SECTION C, CRIMINAL DISTRICT COURT, ORLEANS PARISH.

(Dec. 29, 1922.)

*(Syllabus by Editorial Staff.)*

Witnesses ☞21—**Properly punished for contempt in leaving state after receiving subpœna left at domicile to avoid testifying.**

Though the court would be without authority to punish a person as for contempt in failing to appear as a witness if there was no personal service, or if she knew nothing of the summons having been served at her domicile, where after receiving the subpœna left at her domicile she deliberately left the state to avoid testifying, she was properly adjudged guilty of contempt.

O'Niell, J., dissenting.

Ethel Reynolds was. adjudged guilty of contempt, and she applies for writs of certiorari and prohibition. Preliminary rule recalled, and application dismissed.

Rousseau Voorhies, of Lafayette, for relator.

Robt. H. Marr, Dist. Atty., of New Orleans, for respondents.

By the WHOLE COURT.

DAWKINS, J.   The applicant was adjudged guilty of contempt for failure to appear as a witness on behalf of the state in a charge of murder. In her application here she alleged that she had not been personally summoned, and in substance that, while it had been contended there was a domiciliary service, as a matter of fact, she was residing in Atlanta, Ga., when the service was claimed to have been made.

The record, which has been sent up, shows the service to have been domiciliary, but she actually received the subpœna before the day of the trial, with full knowledge that she was expected to attend. The assistant district attorney testifies that on the 16th, before the case was to come up on September 20th, she was in his office with a male witness; that the male witness asked when the case was to come up, and, the assistant district attorney expressing surprise that he, the witness, did not know when it was to be tried, "the Reynolds girl said, 'Why certainly it's set for then,' and I remember she went into her pocketbook, and she read from the subpœna September 20th. I didn't see the subpœna close enough to read her name, but I did see enough of it to know it was a subpœna." She took the stand herself and admitted the circumstance of appearing in the district attorney's office, the discussion of the case, etc., but contended it was the male witness who had the subpœna.

The trial court would be without authority to punish for contempt if there was no personal service of the summons, or if she knew nothing of its having been served at her domicile; but in this case we are convinced, as was the lower judge, that she deliberately left the state to avoid testifying after receiving the subpœna.

The preliminary rule issued herein is therefore recalled, and the application dismissed at relator's cost.

O'NIELL, J., dissents.